IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                             Crim. No. 15-0212 MCA

JAMAICO TENNISON,

        Defendant.

**ORDER**

        This case comes before the Court on Defendant's *Motion to Compel Polygraph Data and Related Documents* [Doc. 28]. The Court has considered the written submissions of the parties, the arguments and representations of counsel at the June 2, 2015 hearing, the record in this case and the applicable law, and is otherwise fully advised. For the reasons announced by the Court at the June 2, 2015 hearing, the Court **grants Defendant's motion in part** and **denies Defendant's motion in part**.

        Defendants seeks discovery of the following information: "(1) all electronic data in native format recorded by FBI Special Agent Jennifer Sullivan during the taking of Mr. Tennison's polygraph; (2) all polygraph examination worksheets (in handwritten and typed forms); (3) all rough notes created by SA Sullivan pertaining to Mr. Tennison's

polygraph; and (4) the quality control report generated by SA Sullivan's supervisor and all communications and documents exchanged between the two."

As the Court understands Defendant's theory of materiality, Defendant needs the requested information to confirm whether Defendant in fact failed the polygraph examination administered by S.A. Sullivan. Defendant suggests that S.A. Sullivan may not have been forthright with Defendant when she told him that he had "failed miserable." While not of itself controlling, evidence that deception was employed in eliciting Defendant's confession may bear upon the voluntariness of his confession under the totality of the circumstances. *See United States v. Blue*, 122 Fed. Appx. 427, 430-31 (10th Cir. 2005). A reasonable jury evaluating the voluntariness of Defendant's confession, *see* Tenth Circuit Pattern Criminal Jury Instruction 1.25, likely would be very interested in hearing evidence that Defendant was subjected to deception. Since Defendant's confession is likely to be the centerpiece of the United States' case, evidence bearing on its voluntariness clearly is material to preparing the defense.

The Court finds that Defendant's and the United States' interests are best balanced by a staged discovery process. The Court will require the United States to make available for inspection by Defendant, his counsel, and his polygraph expert "all electronic data in native format recorded by FBI Special Agent Jennifer Sullivan during the taking of Mr. Tennison's polygraph." This information will be made available under conditions that permit Defendant, his counsel, and his polygraph expert to inspect the information and discuss it in private. Prior to the inspection of the electronic data, the United States will provide Defendant with those documents, other than rough notes, reflecting S.A.

Sullivan's scoring of the electronic data recorded during Defendant's polygraph examination.  The Court will not order *at this time* disclosure of S.A. Sullivan's rough notes,  the quality control report generated by S.A. Sullivan's supervisor,  or communications and documents exchanges between S.A. Sullivan and her supervisor.  The United States, if it so chooses,  may submit a proposed protective order after having circulated it to counsel for Defendant.

**So ordered this 5th day of June, 2015.**

_____
M. CHRISTINA ARMIJO
Chief United States Judge